A CERTIFIED TRUE COPY

FEB - 9 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1819

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE STATIC RANDOM ACCESS (SRAM) ANTITRUST LITIGATION

*Daniel Price v. Cypress Semiconductor Corp., et al.,* C.D. California, C.A. No. 2:06-6674
*Dataplex, Inc. v. Alliance Semiconductor Corp., et al.,* N.D. California, C.A. No. 3:06-6491
*Alexander Ma v. Alliance Semiconductor Corp., et al.,* N.D. California, C.A. No. 3:06-6511
*Greg Proiette v. Cypress Semiconductor Corp., et al.,* N.D. California, C.A. No. 3:06-6501
*Reclaim Center, Inc., et al. v. Samsung Electronics Co., Ltd., et al.,* N.D. California,
  C.A. No. 3:06-6533
*Yoni Ribo v. Cypress Semiconductor Corp., et al.,* N.D. California, C.A. No. 3:06-6535

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of one action pending in the Central District of California and five actions pending in the Northern District of California. Plaintiff in one of the actions pending in the Northern District of California moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in that district.[1] All responding parties support centralization, and the majority concur in movant's suggestion of the Northern District of California as transferee forum. Plaintiffs in two potential tag-along actions pending, respectively, in the Eastern District of Tennessee and the District of Idaho, however, support centralization in the Eastern District of Tennessee or, alternatively, in the District of Idaho. Plaintiff in a potential tag-along action pending in the District of South Carolina supports centralization in that district.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions involve common factual allegations concerning defendants' alleged conspiracy to fix the price of Static Random Access Memory, which is often referred to as "SRAM." Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judges Hodges, Jensen and Motz took no part in the disposition of this matter.

[1] The Panel has been notified of over 50 additional related actions pending in multiple districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

We conclude that the Northern District of California is an appropriate transferee forum in this docket because i) over twenty of the actions of which the Panel has been notified have been brought in that district (and no other district has more than three actions); it is favored (or not opposed) by most plaintiffs and all responding defendants; and iii) many of the defendants have a presence in northern California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the one action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Claudia Wilken for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman